# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE JONES and TROY L. VINCENT, SR., | ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 9283 |
| v. | ) ) | Judge Jorge L. Alonso |
| DAVOL, INC. | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs sue defendant for strict liability, negligence, breach of implied warranty of merchantability, and loss of consortium. Defendant has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the first amended complaint. For the reasons set forth below, the Court grants in part and denies in part the motion.

## **Facts**

On December 30, 2009, a Ventrio Mesh hernia patch designed, manufactured, and placed into the stream of commerce by defendant was implanted into Michelle Jones' body. (1st Am. Compl., Count I ¶ 2.) Defendant negligently designed and/or manufactured the mesh such that "its edges were or could . . . become sharp and penetrate[] internal body tissues." (*Id.*, Count I ¶ 3(d) & Count II ¶ 4(c).) Moreover, defendant knew about the defect but failed to warn users about it. (*Id.*, Count I ¶¶ 3-5 & Count II ¶¶ 4-7.) Consequently, the mesh penetrated Michelle's small bowel in multiple places, requiring surgical removal of both the mesh and a section of her bowel. (*Id.*, Count I ¶ 6 & Count II ¶ 8.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendant argues that Jones' failure to warn allegations in Counts I and II – that defendant's "warnings and instructions were defective in that insufficient and/or inaccurate information was conveyed to end users" and "learned intermediaries" (1st Am. Compl. Count I ¶ 3(f), (g) & Count II ¶ 4 (d), (e)) – are inadequate because they do not "describe the alleged inaccuracies in the warnings." (Def.'s Mem. Supp. Mot. Dismiss at 4.) The Court disagrees. It is reasonable to infer from the amended complaint as a whole that the warning allegedly lacking was that the mesh had edges that were or could become sharp and penetrate internal body tissues. Accordingly, the Court denies defendant's motion to dismiss the failure to warn claims in Counts I and II.

Defendant also argues that plaintiffs have failed to state an actionable claim for negligent design in Count II. To state such a claim, plaintiff must allege "either [that] (1) the defendant deviated from the standard of care that other manufacturers in the industry followed at the time the product was designed, or (2) that the defendant knew or should have known, in the exercise of ordinary care, that the product was unreasonably dangerous and defendant failed to warn of its dangerous propensity." *Blue v. Envtl. Eng'g, Inc.*, 828 N.E.2d 1128, 1141 (Ill. 2005). Though, as defendant points out, plaintiffs have not alleged the former, they have alleged the latter. (*See* 1st Am. Compl. Count I, ¶¶ 3-5 & Count II ¶¶ 4-7.) Moreover, contrary to defendant's assertion, Jones

has also adequately alleged that the alleged defect caused her injuries. (*See id.*, Count I ¶ 6 & Count II ¶ 8.) Thus, defendants' motion to dismiss the negligence claim in Count II, and the loss of consortium claim in Count IV, which derives from the strict liability and negligence claims in Counts I and II, is denied.

The situation is different, however, for the motion to dismiss the Count III claim for breach of the warranty of merchantability. Because plaintiffs say the motion "is well taken and is not opposed" (Pls.' Resp. Def.'s Mot. Dismiss at 1 n.1), the Court grants it.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendant's motion to dismiss the amended complaint [13]. The motion is granted with respect to Count III, which is dismissed with prejudice, but is otherwise denied.

**SO ORDERED.**                    **ENTERED:   March 23, 2015**

_____

**HON.  JORGE ALONSO**
**United States District Judge**